Merrimack
No. 87-068

JANE M., JOHN N. & a.

v.

MARY MONGAN & a.

October 15, 1987

*Bruce E. Friedman, Arpiar Saunders,* and *John MacIntosh,* of Concord (*Messrs. Friedman, Saunders* and *MacIntosh* on the brief, and *Mr. Friedman* orally), for the plaintiffs.

*Stephen E. Merrill,* attorney general (*Susan S. Geiger,* assistant attorney general, on the brief and orally), for the State.

### MEMORANDUM OPINION

Prior to June 3, 1986, the plaintiffs petitioned the superior court to enjoin construction of a building that the defendants proposed to place on the grounds of the Youth Development Center, to house girls committed to that institution. The plaintiffs claimed that there was no legislative authority for such construction, with the consequence that the building, if completed, would provide opportunities for the placement of children in violation both of their statutory rights to least restrictive placement, and of their due process rights to the benefit of such statutory entitlements. On August 27, 1986, the superior court, without explanation, granted the State's motion to dismiss for lack of plaintiffs' standing or a justiciable controversy. This appeal from the dismissal rests on statutory claims.

The budget act for fiscal years 1986 and 1987, in effect when the petition was filed, expired on June 30, 1987, and the State's legal authority for the proposed action rests on the present operating budget of the Division of Children and Youth Services of the Department of Health and Human Services. Laws 1987, ch. 400, PAU 02, 03, 06. That act provides an appropriation of $675,000 in each of fiscal years 1988 and 1989 for "Female Residential Center." Although plaintiffs argue that legislative history of prior operating

budgets and related acts contains expressions of intent to provide funds to operate a girl's facility within some community of the State, the only legislative history brought to the court's attention bearing directly on the currently effective budget act indicates an intent to appropriate funds for the construction of a building on the grounds of the Youth Development Center. *See* transcript of testimony of David A. Bundy, Director of Division of Children and Youth Services, before House Appropriation Committee on February 23, 1987. Although the plaintiffs argue on the basis of RSA 228:4, I(f) that the resulting appropriation in the operating budget may not be expended under the lease-purchase contract that the State has entered, *see* Minutes of Governor and Council for August 7, 1987, the statute by its terms deals only with the requirement of competitive bidding, and exceptions to it, applicable to projects funded through the capital budget. It does not purport to bar the legislature from appropriating operating funds for lease-purchase contracts.

The court is therefore satisfied that no factual basis is claimed upon which the plaintiffs would be entitled to relief under statutes presently effective and concludes that no useful purpose would be served by an extended formal opinion. It is unnecessary to reach other issues raised by the appeal from the dismissal order.

*Affirmed.*

THAYER, J., did not sit.